JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS McFARLAND individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>MIDLAND FUNDING, LLC,<br><br>AND John Does 1-25.<br><br>Defendant(s). | Case No.: '18CV2140 WQHJMA<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Thomas McFarland (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") and Defendant Midland Funding, LLC (hereinafter "Defendant Midland Funding") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel,

except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Washington, residing in the at 1011B E 30th Street, Tacoma, WA, 98404.

5. Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio N Ste 103, San Diego, CA, 92108.

6. Defendant Midland Credit Management is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio N Ste 103, San Diego, CA, 92108.

7. Upon information and belief, Defendants MCM and Midland Funding are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

8. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

9. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

10. The Class consists of:

    a. all individuals with addresses in the State of Washington;

- 3 -

    b. to whom Defendant MCM sent a collection letter attempting to collect a consumer debt on behalf of Midland Funding LLC;

    c. whose letter states that the Defendants will not sue the consumer;

    d. without clearly stating that the consumer could no longer be sued by any party;

    e. and further the letter fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt may re-start upon payment;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

11. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

12. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

13. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written

- 4 -

communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e.

14. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

15. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. <u>Numerosity:</u> The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. <u>Common Questions Predominate:</u> Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the

Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

c. <u>Typicality:</u> The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. <u>Adequacy:</u> The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. <u>Superiority:</u> A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

16. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

*Violation – September 13, 2017 Collection Letter*

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

19. Some time prior to September 13, 2017, an obligation was allegedly incurred to Webbank by the Plaintiff.

20. The Webbank account was used primarily for personal, family or household purposes.

21. The alleged Webbank account is a "debt" as defined by 15 U.S.C.§ 1692a(5).

22. Webbank, or a subsequent owner of the obligation, sold the debt to Defendant Midland Funding LLC who contracted the Defendant Midland Credit Management to collect the alleged debt.

### *September 13, 2017 Collection Letter*

23. On or about September 13, 2017, Defendant MCM sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed. See Exhibit A.

24. The very bottom of the collection letter states in part:

> "The law limits how long you can be sued on a debt…
> Due to the age of this debt, we will not sue you for it.."

25. The debt is time-barred, meaning that no party ever can sue the Plaintiff.

26. The debt is time-barred meaning that Defendants' cannot sue Plaintiff.

27. The Letter implies that the Defendants' have chosen not sue, instead of the true statement that neither Defendant nor any subsequent creditors can file a lawsuit.

28. The statement contained in Defendants' Letter is materially deceptive to the unsophisticated consumer, who would believe that the Defendant can change their mind and sue.

29. More importantly the letter is silent to that fact no subsequent creditor or collector can file a lawsuit.

30. Furthermore, the Collection Letter is materially deceptive as it fails to disclose that the previously lapsed statute of limitations to file a lawsuit may recommence through certain actions such as a payment by Plaintiff.

31. This statement is necessary especially when the letter contains a settlement offer as does this letter in question here.

32. These deceptive statements and material omissions by the Defendants are harmful to the Plaintiff, since they fail to clearly state the legal status of the debt and potential ramifications for paying or not paying.

33. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendants made deceptive and misleading representations when they communicated to Plaintiff that the Defendant will sue Plaintiff and implying that the they have chosen this remedy and any subsequent creditors would be able to sue, when, in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

38. Defendants statements were further misleading by failing to inform the Plaintiff that and action such as a payment could restart the statute of limitations for a lawsuit to occur, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Thomas McFarland, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc. and Defendant Midland Funding, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  September 13, 2018

                                             THE LAW OFFICES OF
                                             JONATHAN A. STIEGLITZ

                                       By:     /s/ Jonathan A Stieglitz
                                               Jonathan A Stieglitz